# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ORLEY RAMIREZ,

    Plaintiff,

v.

R & J PAINTING SOLUTIONS CORP.; and RICARDO ARANGUREN,

    Defendants.

Case No. 6:23-cv-631-RBD-RMN

## **REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Default Judgment (Dkt. 32), filed August 4, 2023. Upon consideration, it is respectfully recommended that Plaintiff's Motion be granted.

### I. BACKGROUND

On April 6, 2023, Plaintiff filed a single-count Complaint against Defendants R&J Painting Solutions Corp. and Ricardo Aranguren for a violation of the overtime provision of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Defendants were served with the Complaint on April 11, 2023, Dkts. 12, 13, and failed to timely respond. As a result, the Clerk of Court entered default

on July 27, 2023. Dkt. 28. Plaintiff now moves for entry of final default judgment. Dkt. 32. The matter is ripe for review.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If default judgment is warranted, then the court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

## III. ANALYSIS

### A. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question. This Court has personal jurisdiction over R&J Painting Solutions Corp., a Florida corporation

doing business in the state of Florida. The Court has personal jurisdiction over Ricardo Aranguren because he is a citizen and resident of this district. Dkt. 12.

### B.  The Entry of Default

Plaintiff properly served Defendant Aranguren by personally serving him at his residence on August 11, 2023. Dkt. 12; Fed. R. Civ. P. 4(e). Plaintiff properly served Defendant R&J Painting Solutions Corp., by personally serving the registered agent on August 11, 2023. Dkt. 13; Fed. R. Civ. P. 4(h); Fla. Stat. § 40.081. Defendants failed to appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on July 27, 2023. Dkt. 28.

### C.  Liability

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege sufficient facts to show that (1) the defendant employed him; (2) either the defendant constitutes an enterprise engaged in interstate commerce to qualify for "enterprise coverage," or the FLSA covers the plaintiff through "individual coverage"; (3) the plaintiff worked in excess of a 40-hour work week; (4) the defendant failed to pay

overtime wages owed to the plaintiff. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 b.68 (11th Cir. 2008); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018). Subject to exceptions not applicable here, the FLSA defines "employee" as "any individual employed by an employer," and "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §§ 203(e)(1), (d).

Plaintiff's allegations sufficiently state that he was employed by Defendants to perform general painting duties from about May 2022 until the second week of November 2022. Dkt. 1 at ¶, 11. Plaintiff alleges that Defendants were his joint employers. *Id.* at ¶¶ 8, 9. The Complaint also adequately alleges that Defendants are "an enterprise" for purposes of the FLSA. *See id.* at ¶ 5; *see Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).[1] Plaintiff states that Defendants employed more

---

[1] The FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" in relevant part, as an enterprise that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(i)(A)(i)–(ii).

than three people people and engaged in commerce or the production of goods for commerce, or has employees engaging in handling, selling, or otherwise working on goods moved in or produced for commerce. *Id.* at ¶ 5. These factual allegations are sufficient to support enterprise coverage. And finally, Plaintiff declares that he worked in excess of 40 hours per work week and that Defendant failed to compensate him at a rate of time and one-half his regular pay for overtime work. *Id.* at ¶¶ 17–19.

Plaintiff has thus sufficiently alleged that Defendants are liable for overtime-wage violations under the FLSA.

D. **Wages and Liquidated Damages**

Pursuant to the FLSA, any employer who violates the overtime wage provisions is liable to the employee in the amount of the employee's unpaid overtime compensation and an equal amount as liquidated damages. 29 U.S.C. § 216(b). Employees bear the burden of proving they performed work for which they were not properly compensated. *Saphos v. Grosse Pointe Dev. Co., Inc.*, No. 6:06-cv-257, 2008 WL 976839, at *3 (M.D. Fla. Apr. 9, 2008). When the employer's records are inaccurate or inadequate—or in this case unavailable—an employee carries this burden by producing "sufficient evidence to show the amount and extent of that works as a matter of just and reasonable inference." *Id*. Upon such a showing, the "burden then shifts to the employer to come forward with evidence of the precise amount of work

performed or with evidence of the precise amount of reasonableness of the inference to be drawn from the employee's evidence." *Id.* Courts analyzing motions for default judgment employ this standard in reviewing a plaintiff's claimed damages. *See, e.g.*, *Hammonds v. Age Mgmt. & Optimal Wellness, Inc.*, No. 8:16-cv-429, 2017 WL 10276703, at *3 (M.D. Fla. Feb. 6, 2017); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311, 2021 WL 6498121, at *2 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted*, 8:21-cv-311, 2022 WL 138096, at *1 (M.D. Fla. Jan. 14, 2022).

Plaintiff provides sufficient evidence for his claimed damages. He alleges that Defendants "failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA." Dkt. 1 at ¶ 19. In support of his Motion for Default Judgment, Plaintiff provides an affidavit that shows the amount and extent of his work as a matter of just and reasonable inference. The affidavit indicates that he worked 29 weeks where he was not properly compensation for overtime work performed for Defendants. Dkt. 32 at 16–19. Specifically, Plaintiff estimates that he worked 70 hours total in each of the above-stated 29 weeks and is entitled to proper overtime payment for the additional 30 hours of overtime worked per week. *Id.* at ¶¶ 9–14. Plaintiff therefore believes he is owed compensation at the rate of one and one-half his regular rate of pay for the 180

hours, totaling $7,830.00 in unpaid overtimes wages. *Id.* at ¶ 19.[2] Plaintiff seeks this amount in damages.

Plaintiff's affidavit (Dkt. 32 at 16–19) is sufficient evidence to demonstrate the amount and extent of his work as a matter of just and reasonable inference. Defendant has not produced evidence or otherwise controverted such evidence in response. Thus, Plaintiff is entitled to the undisputed amount of $7,830.00 in overtime compensation.

Plaintiff additionally seeks $7,830.00 in liquidated damages. Dkt.32 at 14. He alleges that Defendant's failure to pay him the requisite overtime pay was intentional and willful. Dkt. 1 at ¶¶ 1, 19. As explained above, any employer who violates the overtime wage provisions of the FLSA, 29 U.S.C. § 207, shall be liable to the affected employee in the amount of the unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). liquidated damages under the FLSA are "compensatory in nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000). "An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds." *Hammonds*, 2017

---

[2] Plaintiff is only seeking the *additional* one-half of the overtime rate. He therefore admits that Defendants paid him at his regular rate for the correct number of hours worked each week.

WL 10276703, at *4 (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1538 (11th Cir. 1987)). In fact, liquidated damages for overtime wage claims under the FLSA are "mandatory absent a showing of good faith." *Joiner*, 814 F.2d at 1539.

Plaintiff sufficiently alleges that Defendant violated section 207. As discussed above, Plaintiff establishes that he is entitled to $7,830.00 in overtime compensation. Defendant has not established that the FLSA violation was in good faith or that liquidated damages are not warranted. *See, e.g., Maldonado v. Stoneworks of Manatee, LLC*, No. 8:17-cv-60, 2020 WL 10486667, at *1 (M.D. Fla. Jan. 27, 2020) (explaining that the defendant's failure to respond to the complaint constituted a failure to show good faith); *Sawicki v. Anauel Catering Corp.*, No. 12-22402, 2017 WL 7796308, at *2 (S.D. Fla. Nov. 6, 2017) (same). Plaintiff is therefore entitled to liquidated damages in the amount of $7,830.00.

In sum, Plaintiff is entitled to $15,660.00 in damages: $7,830.00 in unpaid overtime compensation, and $7,830.00 in liquidated damages.

### E. Attorney's Fees and Costs

Pursuant to the FLSA, a court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(B). Courts use the federal lodestar approach in determining reasonable attorneys' fees under the FLSA. *See Walker v. Iron Sushi, LLC*, 752 F. App'x 910, 913 (11th

Cir. 2018).[3] To calculate a reasonable award of attorneys' fees, courts multiple the number of hours reasonably expended by a reasonably hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299. "Market rate" is the hourly rate charged in the local legal market by an attorney with experience in this area of law who would be willing and able to take the case. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing that the requested rate tracks the prevailing market rate. *Norman*, 836 F.2d at 1299. Satisfactory evidence, at a minimum, must consist of "more than the affidavit of the attorney performing the work" and "must speak to rates actually billed and paid in similar lawsuits." *Id.*

Here, Counsel has stated that he has expended 7.8 hours working on this this action. Dkt. 32 at 20–25. Counsel has provided the undersigned with timesheets indicating that he has billed for work such as drafting the Complaint, drafting motions, preparing affidavits, and attending an in-person hearing on the Court's Order to Show Cause. *Id.* at 21–22. No charge appears

---

[3] Although *Walker* is unpublished and therefore non-binding, the opinion provides guidance and persuasive reasoning. *See* 11th Cir. R. 32.1(d).

excessive, redundant, or otherwise unnecessary. The undersigned therefore finds the time spent on this matter is reasonable.

Next, Counsel seeks an hourly rate of $400. *Id.* at 20–21. Although the petition for attorney's fees in support of Plaintiff's Motion does not provide the Court with any information about Counsel's work history and experience, a search of Counsel's Florida Bar number provided in the Petition (*Id.* at 20) tells the Court that Counsel has only been barred in Florida since March 21, 2022. *See Lopez v. City Buffet Inc.*, No. 6:19-cv-1151, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022) ("The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates."). "[T]he [C]ourt . . . itself is an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). I respectfully recommend that $300 per hour is a reasonable hourly rate in this case. *See, e.g.*, *Lopez.*, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022) (finding that $400 per hour reasonable for an attorney with 16 years of "extensive experience in labor and employment matters such as the one filed in this action"); *see also Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted,* No. 8:19-cv-296, 2019 WL

- 10 -

2929325 (M.D. Fla. July 8, 2019) (approving $400 per hour in an FLSA case resulting in default judgment for an attorney with 20 years of practice); *Rosa v. SRG Ocoee, LLC*, No. 6:23-cv-139, 2023 WL 4466763 (M.D. Fla. June 22, 2023) (approving a rate of $325 per hour for a lawyer with over 21 years of experience almost exclusively in the labor and employment practice, with representation history of over 300 employees in FLSA lawsuits and experience as lead trial counsel on "several multi-plaintiff cases brought as collective actions under the FLSA"). Thus, Plaintiff is entitled to an award of $2,340.00 in attorney's fees, which is an hourly rate of $300 multiplied by the 7.8 total hours Counsel worked on the matter. *See* Dkt. 32 at 22.

Additionally, as the prevailing party, Plaintiff is entitled to an award of costs. He seeks $540.00 in costs, which represents a $402.00 filing fee plus $138.00 service of process fee. *Id*. Both costs are recoverable under 28 U.S.C. § 1920.

Finally, I recommend awarding Plaintiff post-judgment interest, even though it was not requested in his Motion, because it is mandated by statute. *See* 28 U.S.C. § 1961(a) ("Interest shall be awarded on any money judgment in a civil case recovered in a district court."); *Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-cv-952, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) (stating that the plaintiff's failure to request post-judgment interest did not preclude a post-judgment interest award because of the

mandatory nature of such an award), *report and recommendation adopted*, No. 6:16-cv-952, 2017 WL 11025405, at *1 (M.D. Fla. Jan. 4, 2017).

In sum, I conclude that Plaintiff is entitled to an award of $2,340.00 in attorneys' fees, $540.00 in costs, and post-judgment interest.

## IV.   CONCLUSION

Upon consideration, it is respectfully **RECOMMEDED**:

1. Plaintiff's Motion for Default Judgment (Dkt. 32) should be **GRANTED**;

2. The Clerk should be **directed** to enter default judgment in favor of Plaintiff and against Defendants;

3. The Court should award Plaintiff $7,830.00 in unpaid overtime compensation and $7,830.00 in liquidated damages;

4. The Court should grant Plaintiff $2,340.00 in attorney's fees, $540.00 in costs, and post-judgment interest; and

5. Once judgment is entered, the Court should **direct** the Clerk to close this case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party

may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on November 21, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record